IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KEVIN JEROME JONES, §
    Petitioner, §
 §
v. § Civil Action No. 4:18-CV-641-P
 § (Consolidated with No. 4:18-CV-953-P)
LORIE DAVIS, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
    Respondent. §

## **OPINION AND ORDER**

Before the Court is a consolidated action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Kevin Jerome Jones, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## **I. BACKGROUND**

Petitioner is confined in TDCJ pursuant to his 2003 conviction in McLennan County, Texas, Case No. 2002-573-C, for burglary of a habitation and 20-year sentence and his 2017 conviction in Tarrant County, Texas, Case No. 1469217D, for robbery causing bodily injury and 5-year sentence. Clerk's R. 171, ECF No. 13-12. Respondent has provided the affidavit of Charley Valdez, a Program Supervisor III for the Classification and Records Department of TDCJ, reflecting that Petitioner was released on parole from his 20-year McClennan County sentence on August 11, 2014. Resp't's Answer, Ex. B, 3-5, ECF No. 53-2 (citations

omitted). While on parole, Petitioner was charged with new offenses in Tarrant County, Texas, Case No. 1469217D. *Id.* On September 8, 2017, Petitioner pleaded guilty, pursuant to a plea agreement, to one count of robbery causing bodily injury in the Tarrant County case and was sentenced to 5 years' confinement. *Id.* Subsequently, on December 6, 2017, Petitioner's parole was revoked. *Id.* As a result of the parole revocation, Petitioner forfeited 1 year, 11 months, and 9 days of street time. *Id.*

## II. ISSUES

Petitioner indicates that, by way of these petitions, he challenges a judgment of conviction or sentence, a parole revocation proceeding, and a disciplinary proceeding. Pet. #1,[1] 2-3, ECF No. 1; Pet. #2, 2, ECF No. 1. Although vague and largely indecipherable, Petitioner's specific claims appear to involve (1) his 2017 Tarrant County conviction and 5-year sentence; (2) the December 2017 revocation of parole and resultant forfeiture of his street-time credits; and (3) a disciplinary proceeding conducted at the Eastham unit and resultant reduction in his line-class status and confinement in "medium custody." Pet. #1, 6-7, ECF No. 1; Pet. #2, 6-7, ECF No. 3. He seeks restoration of his line-class status, transfer from "medium custody," credit for his forfeited street time, and monetary damages. Pet. #1, 7, ECF No. 1; Pet. #2, 7, ECF No. 3. Respondent asserts that the action should be dismissed because Petitioner's claims are unexhausted and procedurally barred, waived, or without

---

[1]"Pet. #1" refers to the petition in Civil Action No. 4:18-CV-641-P; "Pet. #2" refers to the petition in Civil Action No. 4:18-CV-953-P.

2

merit. Resp't's Answer 1-2, ECF No. 53. Notwithstanding the failure of a petitioner to exhaust administrative or state-court remedies, a court may deny a habeas petition on the merits, and the Court does so here. 28 U.S.C. § 2254(b)(2).

## III. DISCUSSION

### A. The 2017 Tarrant County Conviction and 5-Year Sentence

A prevalent theme throughout Petitioner's pleadings is that his 5-year sentence for the 2017 Tarrant County conviction for robbery should have been or was somehow dismissed. The record reflects that in the Tarrant County case, Petitioner was indicted on one count of robbery causing bodily injury (count one) and one count of credit card abuse (count two). SHR[2] 4-5, ECF No. 55-4. The indictment also contained sentence-enhancement allegations as to each count. *Id.* Importantly, count one contained a habitual-offender notice, increasing the punishment range for the second-degree felony from two to 20 years' to 25 to 99 years' or life confinement. SHR 66, ECF No. 55-4. On September 8, 2017, pursuant to a plea agreement, Petitioner pleaded guilty to count one and the state waived count two and the sentence-enhancement allegations and recommended a 5-year sentence, which was assessed by the trial court. *Id.* at 11. The state courts found that Petitioner was fully admonished regarding the waiver of his rights and the consequences of his guilty plea; that he signed the written plea admonishments acknowledging that he had read and understood those

---

[2]"SHR" refers to the documentary record of Petitioner's relevant state habeas proceeding in WR-57,034-02.

3

admonishments and was aware of the consequences of his plea; and that his plea was freely, knowingly, and voluntarily entered. *Id.* at 68-69. Petitioner received the full benefit of his bargain, and there is no factual basis in the record for his assertion that his conviction or 5-year sentence have been dismissed.

### B. Parole Revocation

The record indicates that during the pendency of his Tarrant County case, the Texas Board of Pardons and Paroles initiated parole revocation proceedings against Petitioner based on the new charges and other alleged violations of his conditions of parole. Resp't's Answer, Ex. A, 9-11, ECF No. 53-1. Constitutional due process requires certain minimal safeguards to protect the limited liberty interest at stake in the parole-revocation context. These safeguards include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of the evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a parole board . . .; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey v. Brewer,* 408 U.S. 471, 488-89 (1972).

Petitioner does not contend that one or more of these requirements were violated. Instead, he appears to complain only of the forfeiture of his street time following his parole revocation. Under Texas law, eligibility for street time served on parole is determined by the statute in effect upon the revocation of parole. *Ex parte Hernandez,* 275 S.W.3d 895, 897

(Tex. Crim. App. 2009). At the time of Petitioner's parole revocation, he was not eligible to receive credit for his street time as a matter of state law under Texas Government Code § 508.283(b) because of his 2017 second-degree robbery conviction.[3] *See* Tex. Gov't Code Ann. §§ 508.149(a)(11), 508.283(b) (West Supp. 2014 & 2012); *Ex parte Hernandez,* 275 S.W.3d at 898. Nor is there a federal constitutional right to the reduction of the sentence of a parole violator for street time spent on parole. *See Newby v. Johnson,* 81 F.3d 567, 569 (5th Cir. 1996).

**C. Disciplinary Proceeding**

Lastly, Petitioner complains of the reduction of his line-class status and "medium custody" following a disciplinary proceeding conducted at the Eastham unit for assaulting an officer. Disciplinary Grievance R. 4, ECF No. 54-2. Similarly, constitutional due process requires certain minimal safeguards to protect the limited liberty interest at stake in the context of a disciplinary proceeding if, as here, the proceeding results in the loss of good-time credits. These safeguards include: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that on review, "some evidence" support the ruling. *See Superintendent, Mass.*

---

[3]Petitioner appears to believe that his 2017 Tarrant County conviction is being treated as an aggravated robbery, when, in fact, he pleaded guilty and was convicted of non-aggravated robbery. However, his ineligibility for street-time credit under § 508.283(b) is the result of the fact that he was serving a 5-year sentence for a second-degree felony under § 29.02 (Robbery)—the Tarrant County conviction, an offense under § 508.149(a) for which street-time credit is unavailable under § 508.283(b), upon revocation of his parole.

*Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

Again, Petitioner does not contend that one or more of these requirements were violated. Instead, he appears to complain only of the reduction in his line-class status and his confinement in "medium custody." A state prisoner however does not have a constitutionally protected right to a particular custodial status or to be housed in a minimum security facility. *See Olim v. Wakinekona,* 461 U.S. 238, 245 (1983); *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 2001). Federal habeas relief pursuant to § 2254 is available to remedy constitutional violations of rights which affect the "fact or duration" of an individual's imprisonment. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Petitioner's reduction in line-class status and confinement in a medium-security prison, which do not impact the fact or duration of confinement, implicate no constitutional concerns.

Petitioner is not entitled to the relief requested.[4]

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. A certificate of appealability is also DENIED.

**SO ORDERED** on this 11th day of September, 2019.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[4]To the extent Petitioner seeks monetary damages, habeas is not an appropriate or available federal remedy. *See Preiser,* 411 U.S. at 494.